ORIGINAL

James S. Silveria
702 Paani St
Honolulu, HI 96826
(808) 947-5421
Plaintiff Pro Se

JPMorgan Chase Bank
J.P. Morgan Chase Legal Department
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489
(212) 552-6925 ??
Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 16 2012

at ___ o'clock and 40 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| James S. Silveria ) | Civ. No. CV12 00096 ACK KSC |
| Plaintiff ) | |
| v. ) | Complaint; Exhibits A-D |
| JPMorgan Chase Bank ) | |
| Defendant ) | |

Complaint

Plaintiff claims USC. 55 Tort Claims Act as grounds for jurisdiction. U.S. Const. Preamble mentions "common defense" with other terms protecting the claims here. U.S.C. 27 Judicial Procedure requires "any action" without "undue restraint" making "substantial justice" which allows the court to grant or waive the lesser technical requirements as requirements.

Plaintiff applied to Chase Manhattan Bank of 4 occasions for completions on different business developments. Chase Manhattan Bank is expected to have all required expertise to make those completions, in summary or by parts and if disputed, plaintiff requests subpoena suitable for judgment both determing defendants defenses, if any, and providing for judgment and the close of action where plaintiff prevails in view of the evidence.

Using USC 27 Judicial Procedure, Plaintiff askes the court 1) take grant of jurisdiction in the matter and 2) assume venue without any violation of judicial procedure as it forwards relief due and required in view of claim and exhibits in the complaint with USC 27 Judicial Procedure, "any action" without "undue restraint'" making "substantial justice".

Plaintiff asks the court to grant plaintiff does state a claim upon which relief can and must be granted where and if defendant accepted and failed to complete development of each of plaintiff's developments, per exhibits A-D, thru to monthly income and where no extenuating circumstances normally allowing that failure are proven, and by exhibit in the record, to exist. Relief sought is for all service and money lost by that failure to date. Proof is made by complaint and exhibits and without reasonable doubt.

Plaintiff also asks the court to grant plaintiff has made the short, plain statement requirement.

Plaintiff asks note that good payment is a legal requirement on a good debt. Dismissal would create a release from all good debts while defendant fails to overcome the cause of action and offers only failing claims without proof beyond all reasonable doubt and without proof provided by defendant,

dismissal by the court would be inappropriate and ungrounded and generally prohibited were it any other officer of the court.

Plaintiff asks for Summary Judgment where defendant's claims fail beyond possible remedy, defendant does not reply to plaintiff's claims and fails to produce evidence of and in its practice and payment history to overcome the sum of complaint which should happen for defendant to rightfully prevail. Where plaintiff's claim is good, the production of adverse evidence is impossible which fact is asked to be noted with the production of evidence of defendant but not adverse to plaintiff almost the only evidence required to ground judgment favoring plaintiff with subpoena for same a requirement which can favor defendant and settle the matter beyond doubt.

Defendant has begun a pattern of failure and Summary Judgment would be the relief to end that pattern and be warranted once absolutely clear and evident in the record. Summary Judgment issues on the court's own initiative accordingly upon all required cause under USC 27 Judicial Procedure and applicable.

Plaintiff does ask for subpoena to produce defendant's proof of practice and payment to it's customers for the close of action for or against defendant and enough to close the action in either case. Plaintiff asks the court note the matter cannot be decided without that subpoena and production of evidence with the court otherwise bound to produce that subpoena, pro forma, or do I fail.

While defendant only grounds all release from all lawful debt, all it's claims, case and statute references and plaintiff's history in the courts must be denied as grounds for dismissal. Further, defendant fails under it's own citations of procedure and statute grounding relief then due and for plaintiff.

In plaintiff's travels in business and business practice, required documented practice has always had the solution to the problem then at hand. Plaintiff asks if the court can bring the action to a good close sooner than later while within the requirements, if the court has to check the index in its own practice books known as Policy and Practice or same evident on shelves variously in business, government and presumably the court for priority allowances and requirements.

Plaintiff believes defendant fails due practice under, expectedly, rules of defense with it's own request for judgment due favoring plaintiff under certain circumstances which defendant determines and complies with on its own and where defendant's honor, etc. come first and has failed favoring plaintiff and allowing summary judgment. Defendant can now make the requirement for the court and plaintiff, if any.

Plaintiff asks the court consider incompetence with or without knowing concealment regarding defendant and in full view of the court, in the record, which too can be considered toward the sooner close of action. Then unless defendant makes sufficient remedy.

Plaintiff asks the court refrain from the close of action without production on its subpoena of evidence from defendant grounding dismissal to bar everything like a prosecution without evidence and therefore without grounds for trial. In comparison, defendant would be getting dismissal instead of trial without substantial cause and without proof as is thought to be a requirement for prosecution, as in television crime dramas, sic. Law and Order, etc. Without sound evidence, they always seem to be denied indictments and prosecutions. Without sound evidence, defendant should be denied dismissal and denied release from judgment for plaintiff.

In the end, parties cannot use a wrongful close of action as they might fall victim to it in the future, with grants without sound evidence and claim.

                                                                                              Respectfully submitted,

Dated: February 16, 2012
Honolulu, HI

James S. Silveria
Plaintiff Pro Se