IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES S. SILVERIA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JP MORGAN CHASE BANK,<br><br>    Defendant. | ) CIVIL NO. 12-00096 ACK-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO DENY<br>) APPLICATION TO PROCEED IN<br>) FORMA PAUPERIS AND DISMISS<br>) COMPLAINT WITH LEAVE TO<br>) AMEND<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN FORMA PAUPERIS AND
DISMISS COMPLAINT WITH LEAVE TO AMEND

On February 16, 2012, Plaintiff James Silveria ("Plaintiff"), proceeding *pro se*, commenced the instant action and filed an Application to Proceed In Forma Pauperis ("Application").

DISCUSSION

Plaintiff requests that the Court permit him to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or

give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Tripati, 821 F.2d at 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Even construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), the Court is unable to identify cognizable claims, or

the legal or factual basis for any claim that would allow Plaintiff to maintain a suit in federal court.[1]

In its present form, the Complaint fails to state any recognizable claim for relief. While Federal Rule of Civil Procedure ("FRCP") 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states

---

[1] Plaintiff is no stranger to this Court. Since 1993, he has filed 13 actions.

4

a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Here, Plaintiff has not even recited the elements of a cause of action and his conclusory allegations are implausible. For these reasons, the Court finds that the Complaint fails to state a claim upon which relief may be granted. The Court therefore dismisses the Complaint pursuant to 28 U.S.C. § 1915. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating that the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Insofar as the Court is recommending dismissal of the Complaint because it fails to state a claim upon which relief may be granted, Plaintiff's IFP

5

Application is denied. Plaintiff is granted leave to file an amended complaint, addressing the deficiencies identified above, by March 19, 2011. Any amended complaint must clearly and plainly state the relief sought, the legal basis for maintaining an action in federal court, and the factual basis demonstrating that Plaintiff is entitled to relief. The amended pleading must also comply with all applicable rules. Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

## CONCLUSION

In accordance with the foregoing, the Court recommends:

1) that the Complaint be DISMISSED with leave to amend;

2) that Plaintiff be GRANTED until **March 19, 2012**, to file an amended complaint curing the deficiencies identified above;

3) that Plaintiff's Application be DENIED; and

4) that Plaintiff be GRANTED leave to file another Application that contains all required information, or to pay the appropriate filing fee by **March 19, 2012.**

Plaintiff is cautioned that failure to amend the Complaint **and** pay the filing fee or file another Application by March 19, 2012, will result in the dismissal of the action. Plaintiff is further cautioned that failure to cure the deficiencies identified above will result in the dismissal of the action.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, February 17, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge




CV 12-00096 ACK-KSC; Silveria v. JP Morgan Chase Bank; FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT WITH LEAVE TO AMEND